IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAYMOND VAUGHN BETHEL, JR., )
)
    Petitioner, )
)
v. ) Civil Action No. 3:18CV11–HEH
)
DIRECTOR, VIRGINIA DEPT. )
OF CORRECTIONS, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Remaining Claims)

Raymond Vaughn Bethel, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his 2013 conviction in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") for failing to register as a violent sex offender. Bethel argues that he is entitled to relief on the following grounds:[1]

    Claim One:   "The Commonwealth had my sentencing order changed on 9–13–13 to reflect that I was convicted as a violent sex offender when I was not," and "because it was [changed] my rights were violated under the 6th and 9th Amendments." (§ 2254 Pet. 5.)

    Claim Two:   "I have and I am currently facing successive probation violation proceedings in two jurisdictions based on the same violation," which violates the "statutory bar against successive probation violation proceedings based on the same violation." (*Id.* at 8.)

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from Bethel's submissions. The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions.

> Claim Three: "I was previously charged with this same offense in the Christian County Circuit Court in Taylorville, Illinois," and "was extradited to Norfolk, VA on a probation violation only and charged with this offense two weeks later in Chesapeake, VA, in violation of my rights under the 5th Amendment." (*Id.* at 9.)

By Memorandum Order entered on September 4, 2019, the Court dismissed Claim One and ordered further briefing on Claims Two and Three. (ECF No. 17.) For the reasons set forth below, Claims Two and Three will be DISMISSED.

## I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## II. PERTINENT PROCEDURAL HISTORY

In rejecting Bethel's most recent state habeas petition, the Circuit Court summarized the relevant procedural history as follows:

> On February 26, 2013, a judge of this Court found the petitioner guilty of failing to register as a violent sex offender, in violation of Virginia Code § 18.2–472.1. The Court sentenced petitioner to five years in prison with four years and one month suspended. The Court entered the final judgment order on October 8, 2013. (Circuit Court No. CR12002815-00).
> The petitioner appealed to the Court of Appeals of Virginia, which denied the petition on June 5, 2014. (Record No. 1854–13–1). The petitioner then appealed to the Supreme Court of Virginia. His petition was refused on May 5, 2015. (Record No. 141321).

(ECF No. 19–1, at 1–2.)

## III. CLAIM TWO

In Claim Two, Bethel complains that "I have and I am currently facing successive probation violation proceedings in two jurisdictions based on the same violation," which violates the "statutory bar against successive probation violation proceedings based on the same violation." (§ 2254 Pet. 8.) In support of this claim, Bethel notes that the Circuit Court for the City of Norfolk and the Circuit Court for the City of Chesapeake used the same conduct to determine that he violated the term of probation issued by each Circuit Court. Bethel fails to identify "the statutory bar against successive probation

3

violation proceedings based on the same violation." *Id.* Moreover, a violation of state statute fails to provide a basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). To the extent that Bethel suggests the action of the state courts ran afoul of the Double Jeopardy Clause, he is mistaken. "[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137, (1980). Accordingly, Claim Two will be dismissed.

## III. CLAIM THREE

In Claim Three, Bethel complains, "I was previously charged with this same offense in the Christian County Circuit Court in Taylorville, Illinois," and "was extradited to Norfolk, VA on a probation violation only and charged with this offense two weeks later in Chesapeake, VA, in violation of my rights under the 5th Amendment." (§ 2254 Pet. at 9.) Bethel completely fails to explain how his rights under the Fifth Amendment were violated. As such, Claim Three is subject to summary dismissal. *Sanders v. United States*, 373 U.S. 1, 19 (1963). Moreover, errors occurring in extradition proceedings generally fail to provide a basis for federal habeas corpus relief. *Cf. Young v. Nickols*, 413 F.3d 416, 419 (4th Cir. 2005) (observing "that failure to comply with state or federal extradition laws does not constitute a defense to a criminal prosecution." (quoting *Wirth v. Surles*, 562 F.2d 319, 323 (4th Cir. 1977))). Because

Bethel fails to coherently state a cognizable basis for federal habeas corpus relief, Claim Three will be dismissed.

## IV. CONCLUSION

Claims Two and Three will be dismissed. The § 2254 Petition will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: May 21, 2020
Richmond, Virginia

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

5